THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD O'CONNOR,

    Plaintiff,                           CASE NO.

v.

PENNCRO ASSOCIATES, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, RICHARD O'CONNOR ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, PENNCRO ASSOCIATES, INC., alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person who resides in the City of Clearwater, Pinellas County, Florida.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in Southampton, Pennsylvania.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff's parents seeking and demanding payment for an alleged consumer debt owed.

12. Defendant contacted Plaintiff's parents and disclosed the nature and existence of Plaintiff's alleged consumer debt.

13. Plaintiff's mother advised Defendant that Plaintiff did not live at the residence.

14. Defendant then threatened Plaintiff's mother while continuing to seeking payment for the alleged consumer debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a). Defendant violated *§1692b(2)* of the FDCPA by contacting a third party and

stating Plaintiff owes an alleged consumer debt.

b).  Defendant violated *§1692b(3)* of the FDCPA by contacting a third party more than once.

c).  Defendant violated *§1692c(B)* of the FDCPA by communicating with someone other than consumer concerning the alleged consumer debt.

d).  Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

e).  Defendant violated *§1692d(5)* of the FDCPA by causing the telephone to ring or engage any person in telephone conversations repeatedly.

f.)  Defendant violated *§1692e(10)* of the FDCPA by the use of false representation(s) and/or deceptive mean(s) to collect and alleged debt.

i).  Defendant violated *§1692f* of the FDCPA by engaging in false, deceptive, and misleading representations and means in connection with the debt collection.

14.  As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, and humiliation.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

15. Declaratory judgment that the Defendant's conduct violated the Federal Act, FDCPA.

16. Actual damages.

17. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

18. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

19. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,


By: _/s/ Matthew Kiverts___
　　Matthew Kiverts
　　Florida Bar No. 0013143
　　Krohn & Moss, Ltd
　　120 W Madison St, 10th Floor
　　Chicago, IL 60602
　　Phone:  (312) 578-9428
　　Fax:    (866) 431-5576
　　Attorney for Plaintiff


## DEMAND FOR JURY TRIAL

　　PLEASE TAKE NOTICE that Plaintiff, RICHARD O'CONNOR, hereby demands trial by jury in this action.

VERIFIED COMPLAINT                                                              4

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)

Plaintiff, RICHARD O'CONNOR, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, RICHARD O'CONNOR, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 9/1/09

RICHARD O'CONNOR,
Plaintiff

VERIFIED COMPLAINT                                                                                   5